UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MIGUEL ANGEL MEDEL LOPEZ,

        Plaintiff,

v.

CLALLAM COUNTY,

        Defendant.

CASE NO. 3:22-cv-05525-BHS-DWC

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND

Plaintiff Miguel Angel Medel Lopez, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint but provides plaintiff leave to file an amended pleading by December 30, 2022 to cure the deficiencies identified herein.

**I. Background**

Plaintiff, who is currently a convicted and sentenced state prisoner confined at Coyote ridge Corrections Center, asserts claims arising out of his pretrial detention at the Clallam County Jail in Port Angeles, Washington. Dkt. 1-2 at 4, 7. Plaintiff brings claims against a single

defendant, Clallam County. Plaintiff's complaint alleges claims for ineffective assistance of counsel, excessive bail, failure to charge him by an indictment, and for cruel and unusual conditions of confinement. *Id*. at 4, 6–7. Plaintiff contends his conviction was unlawful and he was injured by prolonged confinement in segregation in cruel and unsanitary conditions; plaintiff also appears to contend he received inadequate medical care. *Id*. at 9, 11–12, 14. Plaintiff seeks monetary damages and injunctive relief "providing guide to County officers abuse of authority." *Id*. at 23.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**A.   Municipal Liability**

Plaintiff names Clallam County as the only defendant in this case. A municipality qualifies as a "person" who may be held liable under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A municipality "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of those who deal with municipal

employees. *City of Canton*, 489 U.S. at 388–89. Finally, a single incident of unconstitutional action is generally insufficient to state a claim for municipal liability. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Plaintiff has not alleged facts supporting the County's liability under *Monell*. He has not identified a policy that is the moving force behind the constitutional violations alleged in the complaint, and he has not alleged facts establishing that any such policy amounts to deliberate indifference of his constitutional rights. If plaintiff wishes to pursue claims against Clallam County, he must file an amended complaint that corrects these deficiencies.

**B.   *Heck* Bar**

Several of plaintiff's claims directly challenge the validity of his conviction. *See, e.g.*, Dkt. 1-2 at 9 (alleging plaintiff's conviction is "unlawful"). Specifically, plaintiff claims: (1) he received ineffective assistance of counsel in his criminal proceeding (*Id*. at 4, 7); and (2) he was improperly charged by information rather than by indictment in his criminal proceeding (*Id*. at 6). Because these claims challenge the validity of plaintiff's conviction, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings)—*if* success in that

1  action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*
2  *Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

3        Here, plaintiff's allegations stem from the alleged illegality of his charges and alleged
4  conditions rendering his counsel's assistance ineffective at the trial that led to his conviction.
5  Plaintiff alleges his rights were violated and the conviction was unlawful. Dkt. 1-2. Thus, the
6  Court could only grant plaintiff the relief he seeks by invalidating his underlying conviction.

7        As plaintiff's allegations amount to an attack on the constitutional validity of his
8  underlying conviction, his claims may not be maintained under § 1983 unless plaintiff can show
9  the conviction has previously been invalidated. *See Heck*, 512 U.S. at 486–87; *Ramirez v.*
10 *Galaza*, 334 F.3d 850, 855–56 (9th Cir. 2003). Plaintiff does not allege his conviction has been
11 reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
12 authorized to make such determination, or called into question by a federal court's issuance of a
13 writ of habeas corpus. As plaintiff's current conviction has not been reversed and as the validity
14 of the conviction would be called into question if plaintiff were to prove the facts of this case, his
15 claims are barred by *Heck*. Therefore, plaintiff must show cause why his ineffectiveness of
16 counsel and indictment claims should not be dismissed as *Heck* barred.

17 C. **Excessive Bail**

18       Plaintiff also alleges his constitutional rights were violated by excessive bail set by the
19 trial court in his criminal matter. Dkt. 1-2 at 6.

20       The Eighth Amendment's "Excessive Bail Clause prevents the imposition
21 of bail conditions that are excessive in light of valid interests the state seeks to protect by
22 offering bail." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007). It appears both
23 the Supreme Court and the Ninth Circuit have assumed, but not decided, that the Clause is
24 incorporated against the states. *Id.* at 659. Bail is considered excessive if set at a figure higher

than an amount reasonably calculated to achieve the government's valid interests. *Id.* at 660 (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 3 (1951)).

To prevail on a § 1983 claim, a plaintiff must show the putative governmental interest is not valid or "bail was excessive in light of the purpose for which it was set." *Id.* at 661. In addition, the plaintiff must demonstrate the defendants were the "actual and proximate cause of his bail enhancement." *Id.* at 663; *see also Williams v. Reno Police Dep't*, No. C16-00281, 2017 WL 1386024, at *3 (D. Nev. Mar. 15, 2017), *report and recommendation adopted sub nom. THOMAS L. WILLIAMS, Plaintiff, v. RENO POLICE DEPARTMENT, et al., Defendants. Additional Party Names: Tallman, Utter*, 2017 WL 1383447 (D. Nev. Apr. 12, 2017).

Plaintiff's excessive bail claim here is conclusory and provides no facts regarding the setting of his bail. In particular, plaintiff alleges no facts showing the named defendant caused his bail to be excessive. *See Galen*, 477 F.3d at 663 (Law enforcement officers can be held liable for excessive bail "only if they prevented the [judicial officer] from exercising his independent judgment."). Nor has plaintiff alleged facts to demonstrate the putative governmental interest is invalid or that "bail was excessive in light of the purpose for which it was set." *Id.* at 661. Plaintiff alleges no facts regarding any of the relevant factors that would be considered in setting his bail, or what, if any, findings were made by the judicial officer in setting his bail. *See* CrRLJ 3.2(a) & CRr 3.2 (addressing conditions that may be imposed and factors considered in setting bail under Washington law); s*ee also Williams v. Clark*, No. C14-00414, 2015 WL 6005141, at *6 (D. Nev. Oct. 14, 2015) ("Plaintiff failed to state a claim because: (1) the [police department] Officer did not set his bail; (2) Plaintiff has not alleged that his bail was enhanced for an improper purpose or that it was excessive in light of the reason it was set; and (3) Plaintiff provided no information about the criminal charges filed against him, his criminal history, if any,

or any of the other relevant factors that were considered in setting his bail."); *Romero v. Cnty. of San Bernardino*, No. C21-1468, 2022 WL 2296951, at *4 (C.D. Cal. Apr. 21, 2022), *report and recommendation adopted*, 2022 WL 2291720 (C.D. Cal. June 24, 2022) (Finding the complaint failed to state a claim in part because "[it] fails to discuss the state interests that were sought to be protected in setting the bail amount or whether bail was enhanced unlawfully.").

Because of these deficiencies, plaintiff's allegations regarding excessive bail are vague and conclusory and fail to state a claim. If plaintiff seeks to bring an excessive bail claim, he must file an amended complaint correcting these deficiencies.

**D.   Conditions of Confinement Claim**

Plaintiff's complaint also alleges claims for cruel and unusual conditions of confinement. Because plaintiff's claim arose while he was a pretrial detainee, the claim is governed by the Fourteenth, rather than the Eighth, Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Plaintiff alleges he was unlawfully detained in prolonged segregation, was denied adequate medical care for a gastrointestinal condition, and was held in a cell subject to periodic intrusions of sewer water without access to regular showers or to clean blankets and clothing. Dkt. 1-2 at 9, 12–17.

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). Pretrial detainees have the right to be free from punishment under the Fourteenth Amendment. *Bell*, 441 U.S. at 533. In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017).

The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), and *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)). A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and must identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 398.

To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts showing:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. "Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case." *Cedillos v. Youngblood*, No. 1:21-cv-00138 DAD-BAM (PC), 2021 WL 2534534, at *4 (E.D. Cal. June 21, 2021), *report and recommendation adopted*, 2021 WL 3032688 (E.D. Cal. July 19, 2021) (citing *Gordon*, 888 F.3d at 1125).

Plaintiff alleges he was kept in prolonged segregation in a cell that experienced intrusions of sewage, was not permitted to shower for several days, was not provided with clean clothing or blankets after being soaked with sewage, and was denied medical care for a painful condition.

Dkt. 1-2 at 14. These allegations could potentially support a claim of a substantial risk of serious harm pursuant to *Gordon*.

But plaintiff has not alleged sufficient facts to meet the additional required elements of a Fourteenth Amendment conditions of confinement claim. He has not alleged facts establishing any defendant made an intentional decision with respect to those conditions or failed to take reasonable measures to abate the risk. And he has not alleged facts demonstrating a Clallam County policy was the moving force behind those conditions.

In addition, plaintiff has not alleged facts establishing the personal participation of any defendant. Although the text of Exhibit B to plaintiff's complaint mentions individual jail employees, plaintiff has not named any of those individuals as defendants and does not allege facts demonstrating their personal participation in the alleged violations of his rights.

If plaintiff wishes to bring claims against the individuals, he must properly and clearly identify them as defendants and must allege facts sufficient to demonstrate how each individual personally participated in a violation of his rights. A person deprives another of a constitutional right, within the meaning of § 1983, "'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Moreover, with respect to defendants who are supervisors, plaintiff should be aware that he cannot rely on supervisory liability alone as the basis for his cause of action.

> Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability [that is, supervisory liability] under [§] 1983.

1  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

2      If plaintiff wishes to pursue § 1983 claims for the conditions of his confinement, he must name as defendants all individuals against whom he seeks to assert claims. To proceed with any claims against those defendants, plaintiff must set forth specific factual allegations underlying his claims and specifically identify how each person or entity violated his constitutional rights.

**E.     Plaintiff's Motions for Counsel and Translator**

    Plaintiff's complaint also attaches motions for appointment of counsel and a Spanish language translator. Dkts. 1-3, 1-4.

    No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

    To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

    Plaintiff has not alleged complex facts or law. In support of his motion, plaintiff asserts only that the case will require evidence and witness interviews. But plaintiff has not identified

conditions rendering this case extraordinary; instead, the evidence-related challenges plaintiff cites are experienced by most litigants. Moreover, plaintiff has articulated the factual basis of his claims in a fashion understandable to the Court, even though the complaint does not state a claim under 42 U.S.C. § 1983 at this time. As the Court has screened and declined to serve plaintiff's Complaint, there is currently no showing of likelihood of success on the merits.

Accordingly, plaintiff has failed to show appointment of counsel is appropriate at this time. Plaintiff's motion for appointment of counsel (Dkt. 1-3) is therefore DENIED without prejudice.

Plaintiff also requests the appointment of a Spanish speaking interpreter to "assist" him "as needed" to communicate with the Court. Dkt. 1-4. Plaintiff does not identify any particular proceeding or issue for which the services of an interpreter are needed, and has submitted a complaint and associated documents reflecting competence in written English. Furthermore, plaintiff has not yet filed a serviceable complaint. The Court therefore DENIES plaintiff's motion (Dkt. 1-4) without prejudice because it is premature.

**III. Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court declines to serve the complaint. In addition, plaintiff's motions for counsel (Dkt. 1-3) and for an interpreter (Dkt. 1-4) are DENIED.

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional

rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **December 30, 2022**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 30th day of November, 2022.

David W. Christel
United States Magistrate Judge